[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Carriage Park Association, Inc., brought this declaratory judgment action asserting that the condominium declaration requires that an increase in the Association's insurance premium be assessed against the defendants. In the declaratory judgment action the plaintiff Association asked the court to determine how to assess the amount of the increase. The defendants have moved for summary judgment claiming that as a matter of law based on the construction of the declaration of condominium and the Common Interest Ownership Act, Conn. Gen. Stat. § 47-68a, et. seq., the Association is not permitted to pass the increase in insurance premium to individual unit owners.
 Facts
Carriage Park is the association of unit owners for Carriage Park Condominiums, a one hundred and sixty-eight unit condominium complex located at 31 High Street, East Hartford. Common expense at issue in this action arises from a substantial increase in insurance premiums against the condominium association. The increase in insurance premiums resulted when Carriage Park's insurer refused to renew its coverage due to Carriage Park's poor loss history. Losses attributable to the Emanuel unit and to the Rodegher unit were specifically cited by the original insurer in its notice of non-renewal.[1] Article XIX, Section 2(d) of the Declaration provides as follows:
 Any insurance premium increase attributable to a particular unit by virtue of activities in or the construction of the unit shall be assessed against that unit . . .
The Declaration also provides in Article XXVI, Section 5:
 The instruments [which include the Declaration and By Laws] are intended to comply with the requirements of the act [Common Interest Ownership Act] and Chapter 600 of the Connecticut General Statutes. In CT Page 2371 the event of any conflict between the instruments and the provisions of the statutes, the provisions of the statutes shall control.
The Common Interest Ownership Act, Conn. Gen. Stat. § 47-255
provides:
 Insurance policies carried pursuant to Section A and B of this section shall provide that: (1) each unit owner is an insured person under the policy with respect to liability arising out of his interest in the common elements or membership in the Association; (2) insurer waives its right to subrogation under the policy against any unit owner or member of his household; (3) no act or omission by any unit owner, unless acting in the scope of his authority on behalf of the Association, will void the policy or be a condition to recovery under the policy; and (4) if, at the same time of a loss under the policy, there is other insurance in the name of a unit owner covering the same risk covered by the policy, the Association's policy provides primary insurance.
In BRT Property Group v. Willow Springs Condo Association,1996 W.L. 617298 (Pickett, J.) (17 Conn.L.Rptr. 670), the court appears to have faced a problem somewhat similar to the instant case. In BRT the Association's insurer canceled the Association's insurance because nearly one half of the units were "investor/rental units not occupied by the unit owners." The Association obtained new insurance at an increased premium and assessed the increase in premium against the non-owner occupied units. The court agreed that the increase in insurance was properly assessed in proportion to the risk. The court in BRT agreed that the activity of renting units resulted in an increased risk which was ongoing and therefore resulted in an increased premium which was fairly assessed against the unit owners who were creating new risks by renting their units.
This court believes that the factual differences between BRT in the instant case are crucial in examining the right to allocate insurance premiums under the language of the Declaration which reads:
 Any insurance premium attributable to a particular unit by virtue of activities in or the construction of the unit shall be assessed against the unit.
In the first place, Section 1 of Article XIX of the Declaration requires that ordinarily "all common expenses shall be assessed equally against all units." Next, Section 47-55 requires that each unit owner be insured under an Association's policy which requires that the CT Page 2372 Association's insurance company waive any rights of subrogation and, perhaps most importantly, it provides that if the Association and the unit owner each have coverage the Association's policy is primary. The net result of Section 47-255 is to make it essentially impossible for a unit owner to protect himself against a claim made against the Association's policy. Even if he is fully insured his policy is secondary so that the Association's policy would pay the claim. In BRT the unit owners who were renting their units made a conscious decision to be in the rental business. In the opinion of that court, this continuing rental increased risk and it increased risk prospectively from the time the premium was imposed. In the instant case, there is no particular reason to believe that the defendants' unit constitutes any greater risk in the future. The defendants' unit has simply had a valid claim. The claim, which was in the amount of $2,481. 20, was paid by the Association's policy rather than the unit owner's policy because as a matter of statute the Association's policy was primary. The Association seeks to assess a premium increase in the amount of $21,991. 00 against two units. The Association appears to be claiming that it can increase the assessment on the Emanuel unit by approximately $11,000. 00 a year, presumably for so long as it is owned by the current owner, because a claim was made for $2,481. 20.
For the purposes of this motion for summary judgment, the court is willing to find that the increase in insurance premium was because of the Association's claims history. The court further finds that at least to some extent that adverse claims history was contributed to by the Emanuel claim. However, in the opinion of the court an appropriate claim against a policy made primary by statute is not attributable to a particular unit by virtue of activities in or construction of the unit. Simply stated, the court finds the right of the Association to assess insurance premiums against particular units is conditioned upon an increased prospective risk not a previous claim. Because the conditions which led to the Emanuel claim are in no sense prospective, the court finds that the Association has no right to impose an increased share of insurance premiums on the defendant.
Summary judgment is entered in favor of the defendant.
BY THE COURT
Kevin E. Booth, J.